THE STATE *ex rel.* DAUBIN, *Collector*, v. BOYD; HUGGINS, *Appellant.*

### Division Two, April 12, 1895.

**Back Taxes:** LIEN: JUDGMENT: SALE, SETTING ASIDE OF. Where the court had jurisdiction of the subject-matter and of the defendant in an action for back taxes, its judgment rendered therein is not void, and it was error, in the absence of fraud, to set aside the sale under execution on the judgment, on motion of the defendant, for any irregularity before the rendition of the judgment, such as failure to correct the delinquent list before suit was brought, or the payment of the taxes, or because of inadequacy of price at the sale.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

*Tucker & Moore* for appellant.

(1) Huggins was a stranger to the tax proceedings against Boyd. The motion does not charge him with knowledge or information of any of the facts set up in the motion. The matter in the motion, taking it all to be true, would only entitle the defendant, Boyd, to such relief as is recognized under a bill of review, as provided by sections 2217 and 2220, Revised Statutes of 1889: Under such a proceeding the purchaser would be protected under section 2224 of the same statute. The court below, and counsel for defendant Boyd, adopted the theory, either that the judgment was absolutely void, or that the proceeding was to set aside for irregularities. But there are no irregularities of any sort set up in the motion, nor is there misconduct charged against anyone made a party to this proceed-

ing. Bouvier's Law Dict., title, Regularity. (2) The injuries complained of in respondent's motion are merely defenses to the original tax suit. *Jones v. Driskill*, 94 Mo. 190; *Hill v. Sherwood*, 96 Mo. 125; *Allen v. Ray*, 96 Mo. 542; *Gibbs v. Southern*, 116 Mo. 204. (3) Under the pleadings and admitted facts in the case, Huggins was an innocent purchaser for value, without notice, and, as such, is protected. *State ex rel. v. Evans*, 53 Mo. App. 663; *Schmidt v. Niemeyer*, 100 Mo. 207; 2 Freeman on Judgments [4 Ed.], sec. 484, p. 839, and sec. 509, p. 899; 2 Freeman on Executions, [2 Ed.], sec. 344, p. 1146. (4) A purchaser at a sheriff's sale looks only to the judgment, execution, levy and sheriff's deed. *Lenox v. Clark*, 52 Mo. 115; *Ladd v. Shippie*, 57 Mo. 523; *Curd v. Lackland*, 49 Mo. 451; *Mitchell v. Nodaway Co.*, 80 Mo. 257. (5) The same presumptions indulged in favor of judgments in judicial proceedings in courts of general jurisdiction, apply to the fullest extent, and for the same reasons, in tax proceedings under the law of 1877. *Wellshear v. Kelly*, 69 Mo. 343; *Allen v. McCabe*, 93 Mo. 138; *Jones v. Driskill*, 94 Mo. 190; *Allen v. Ray*, 96 Mo. 542; *State ex rel. v. Hunter*, 98 Mo. 386; *Schmidt v. Niemeyer*, 100 Mo. 207. (6) The point attempted to be made on the return of the execution, has no force. The purchaser has nothing to do with the sheriff's return, and whether he makes a proper one, or none at all, does not affect him as a purchaser at the sale. *Buchanan v. Tracy*, 45 Mo. 437; 2 Freeman on Ex. [2 Ed.], sec 341, p. 1142.

*H. C. Timmonds* for respondent.

(1) The circuit court has complete control over its own writs, and may, on motion filed at or before the return of an execution, set aside a sale made there-

under. *St. Louis v. Brooks*, 107 Mo. 380; *American Wine Co. v. Scholer*, 13 Mo. App. 349; s. c., 85 Mo. 496; *McKee v. Logan*, 85 Mo. 524; *Downing v. Still*, 43 Mo. 309; *Molloy v. Batchelder*, 69 Mo. 503; *State ex rel. v. Young*, 61 Mo. 397; *Ray v. Stobbs*, 26 Mo. 36; *Neiman v. Early*, 38 Mo. 475; Freeman on Executions, [2 Ed.], secs. 304, 305, 306. (2) Where a defendant has been brought in by publication, the courts are more ready to interfere in his behalf than in those cases where there has been personal service or appearance. *Irvine v. Leyh*, 102 Mo. 207. (3) A motion to set aside is not a collateral proceeding, but a direct attack. *Reinhart v. Lugo*, 24 Pac. Rep. 1089; s. c., 86 Cal. 395. (4) Motions now take the place of writs of error *coram nobis*. *James v. Ray*, 59 Mo. 284; *Ex parte Gray*, 77 Mo. 160; *Craig v. Smith*, 65 Mo. 538. (5) Where taxes are paid after judgment, but before sale, the purchaser acquires no title. *Huber v. Pickler*, 94 Mo. 382; R. S., sec. 7646. (6) Judge Sherwood holds that payment of the taxes prior to judgment extinguishes the state's lien, and renders invalid any sale made for the enforcement thereof. *Hoge v. Hubb*, 94 Mo. 502; *Harness v Cravens*, 126 Mo. 233; *Wallace v. Brown*, 22 Ark. 118. (7) A purchaser at sheriff's sale, although innocent, takes no title when the judgment under which the execution issued had been satisfied prior to the sale. *McClure v. Logan*, 59 Mo. 234; *Durfee v. Moran*, 57 Mo. 374; *Wallace v. Brown*, 22 Ark. 118; *Wood v. Colvin*, 38 Am. Dec. 598. (8) The statute requires the collector to send statements and tax receipts to nonresidents by mail. R. S., sec. 7606. Defendant always kept his taxes paid up, and collector must have been in correspondence with him. (9) After defendant had paid up all taxes against his land, and received the collector's receipt therefor, the collector wrongfully and fraudulently returned the land as delinquent; and

then wrongfully and fraudulently brought this suit by publication, based on a fraudulent delinquent list, which was neither examined, corrected, nor ordered certified and filed by the county court, as required by law, and obtained thereon a judgment, which, if not fraudulent, should be at least considered irregular. The plaintiff in the tax suit perpetrated all these wrongs on the defendant. It is only a certified tax bill, from a legal tax book, made from a corrected delinquent list, certified and filed as the law requires, by order of the county court, that is *prima facie* evidence. *State ex rel. v. Scott*, 96 Mo. 72.

BURGESS, J.—This is a proceeding by motion, to set aside a judgment rendered for taxes, quash the execution, and to set aside the sheriff's sale of the land made thereunder. Defendant Boyd, owner of the land, was a nonresident of the state, and was brought in by publication. No interlocutory judgment was rendered.

On the seventeenth day of September, 1891, at the September term of the Barton circuit court for that year, judgment was rendered against Boyd, and a tax lien enforced against the land in question. On the twenty-third day of October, following, an execution was issued on said judgment, and levied upon the land, and, after being advertised for sale, it was sold by the sheriff on the fourteenth day of November, 1891, during the sitting of the same term of the circuit court, at which sale Huggins became the purchaser of one forty acre tract of the land at the price of $115, and received a sheriff's deed therefor, which was duly filed for record on the twentieth day of November, 1891.

The judgment was for the taxes for the year 1887, which had been paid by Boyd on the thirty-first day of December of that year, for which he had, and produced on the hearing of the motion, the collector's receipt.

The land, however, had been returned as delinquent by the collector for that year; but the delinquent list was never examined or corrected by the county court, nor did that court ever order said list to be certified or filed in the office of the clerk of the county court.

At the time the land was sold it was worth $600; the judgment against it was for $12.95. The execution was made returnable at the February term, 1892, and had not been returned at the time of filing the motion to set aside the sale. Huggins, so far as the record discloses, had no knowledge that the taxes had been paid, or of any irregularities, if any there were, in regard to the taxes, judgment or sale of the land.

On a hearing of the motion it was sustained as to the sale, and it was ordered and adjudged that the sheriff pay over to Huggins the sum of $53.95 remaining in his hands, and that the defendant Boyd pay to Huggins the further sum of $72.55, and that the costs be adjudged against said defendant Boyd. From the judgment, Huggins alone appealed.

The grounds upon which the judgment and sheriff's sale were sought to be set aside, and the execution quashed, were, want of notice by defendant Boyd of the pendency of the suit or the proceedings thereunder, inadequacy of the price for which the land was sold, payment of the taxes and the failure of the county court of Barton county to examine and correct the delinquent list for 1887 before suit was brought for the taxes claimed to be delinquent.

As the sheriff's sale seems to have been regular in every respect, and free from fraud, it is impossible to conjecture upon what ground it was set aside, unless it be that the court was of the opinion that the judgment under which the land was sold was void. But the judgment was not void. The court had jurisdiction of the subject-matter, and of the parties. Boyd had been

constructively served with process by publication in a newspaper published in Barton county, as to which no objection was made, and, whatever of informalities may have existed in the proceedings in that case before the rendition of the final judgment, by way of irregularities, if any, it was not void, and no order was made setting it aside or quashing the execution because the judgment was irregular. Moreover, Boyd did not appeal, so that the only question before this court for judgment is the action of the court in setting aside the sale.

While it may be conceded that a court has complete control over its own writs and process, and may, at or before the return term of an execution, set aside a sale made thereunder, it must have some ground upon which to predicate its action, and in this case it has not been suggested in what manner the sheriff's sale was irregular, or anything else that justified the court in setting it aside. Inadequacy of the price at which the land was sold was not of itself sufficient. Nor is it contended by counsel for Boyd that it was. The judgment is reversed. All of this division concur.